UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BIG STORM BREWERY, LLC.,

    Plaintiff,

v.                                    CASE NO. 8:16-cv-2405-T-23TGW

DUE SOUTH BREWING CO. INC.,

    Defendants.
_____/

**ORDER**

    In 2016 Big Storm Brewery released the "Belgian Tripel" and the "Belgian Quadrupel," two Belgian ales. Purportedly to describe each beer's strength (the Tripel and the Quadrupel contain 9.2% and 10.6% alcohol by volume, respectively), Big Storm adopted from the Saffir-Simpson hurricane wind scale the phrases "Category 3" and "Category 4." The Saffir-Simpson categories appear in Big Storm's advertisements for the Tripel and the Quadrupel. (Doc. 1 at 6)

    Due South, which brews a "Category 3 IPA" and a "Category 4 IPA," alleges that Big Storm's use of the Saffir-Simpson categories to describe beer infringes Due South's "common law trademark rights, common law service mark rights, and trade name rights." (Doc. 1-2 at 2, a cease-and-desist letter from Due South to Big Storm)

    In response, Big Storm sues (Doc. 1) for a declaratory judgment that Big Storm's use of the Saffir-Simpson scale infringes no Due South trademark, that the

Lanham Act's "fair use" exception permits Big Storm's use of the scale, and that Big Storm's use of the scale dilutes no Due South trademark.  Also, Big Storm requests a permanent injunction against Due South's "asserting claims or filing actions" against Big Storm about this trademark dispute.  (Doc. 1 ¶ c at 15)  Finally, Big Storm requests an award of damages caused by Due South's "threats of legal action." (Doc. 1 ¶ d at 15)

Under Rule 12(b)(6), Federal Rules of Civil Procedure, Due South moves (Doc. 19) to dismiss the request for a permanent injunction and for monetary damages.  But a request for relief is not susceptible to dismissal under Rule 12(b)(6), which permits the dismissal of a "claim."  This order resolves Due South's motion under Rule 12(f), which permits striking "redundant, immaterial, impertinent, or scandalous matter."[1]

## DISCUSSION

The Constitution protects the right to sue.  *See Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002) (explaining that, "[h]owever unsettled the basis of the constitutional right of access to courts," the U.S. Constitution protects a prospective plaintiff's right to seek judicial redress).  Only a litigant's serial filing of "frivolous and vexatious" actions warrants a permanent injunction.  *See Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986).  Even if true, the allegations (Doc. 1 at ¶¶ 36–38) that

---

[1] Disfavored, a motion to strike is rarely granted.  *See Centex Homes v. Mr. Stucco, Inc.*, 2008 WL 793587 at *2 (M.D. Fla. Mar. 25, 2008) (Whittemore, J.) (explaining that a motion to strike typically wastes limited judicial resources).

Due South sent a cease-and-desist letter and that Due South complained in the press about Big Storm's use of the Saffir-Simpson categories fail to show the necessity for an injunction against resort to the court. Paragraph (c) is **STRICKEN**.[2]

Because Big Storm agrees "not to seek monetary damages" (Doc. 21 at 8), paragraph (d) is **STRICKEN**.

## CONCLUSION

Due South's construed motion (Doc. 19) to strike paragraphs (c) and (d) is **GRANTED**. Due South's motion (Doc. 16) to extend the time within which to answer is **GRANTED-IN-PART**. No later than **JANUARY 10, 2017**, Due South must answer the complaint.

ORDERED in Tampa, Florida, on December 27, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Perhaps recognizing the certain unavailability of the requested relief, Big Storm argues that the paragraph "merely" asserts res judicata. (Doc. 21 at 8–9) But a party need not request the protection of res judicata. A final judgment on a claim necessarily precludes a party's litigating successfully the same claim in another action. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).